THE VILLAGE OF WATKINS, Respondent, *v.* HENRY M. HILLERMAN, Appellant.

*Village trustees — discretionary powers — cannot be delegated — designation of the time when an ordinance shall take effect — when ineffectual.*

Where it is the duty of the board of trustees of a village to fix a time, not less than two weeks, during which an ordinance shall be published, an exercise of its discretion is involved which cannot properly be delegated to its clerk.

The charter of a village provided that certain ordinances should take effect at such time, after the passage and publication thereof, as should be therein provided, and should be published at least two weeks successively in all the public newspapers printed and published in such village. An ordinance of the kind referred to was passed, which contained a provision that the same should take effect immediately after the legal publication thereof.

*Held,* that the provision in the ordinance as to the time it should take effect did not comply with the requirements of the statute.

APPEAL by the defendant, Henry M. Hillerman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schuyler on the 24th day of January, 1893, upon a decision of the court after a trial at the Schuyler County Circuit.

*O. P. Hurd,* for the appellant.

*C. M. Woodward* and *W. T. Bishop,* for the respondent.

MERWIN, J.:

On the 24th of February, 1891, the board of trustees of the plaintiff, under power given by the charter of the village (Chap. 125 of the Laws of 1861, as amended by chap. 114 of the Laws of 1869), passed an ordinance in regard to fire limits. After specifying such limits, and the manner in which buildings might be constructed therein, it provided as follows:

" Any violation of this ordinance, or of any of its requirements, shall subject the party or parties offending or violating the same to a penalty of $25.00 for each and every violation thereof, and the further penalty of $10.00 for every 24 hours such violation shall be continued.

" The foregoing ordinance shall take effect immediately after the legal publication thereof."

In the complaint it is alleged that on or about the 1st day of June, 1891, the defendant constructed a wooden building in violation of such ordinance, and has since maintained the same to the time of the commencement of this action, on or about December 21, 1891. The recovery is for one penalty of twenty-five dollars, and three penalties of ten dollars each.

On the trial the defendant, among other things, claimed, and claims here, that the ordinance was inoperative and void, because (1) the board of trustees did not direct the publication of the ordinance for any particular time, or at all. (2) The board of trustees did not fix or prescribe any particular time after the adoption of the ordinance and the publication of the same for the ordinance to take effect as required by the act incorporating the village.

In the charter (§ 8 of title 4) it was provided that every ordinance imposing any penalty or forfeiture for the violation of its provisions "shall take effect at such time after the passage and publication thereof as shall be therein provided, and shall be published at least two weeks successively in all the public newspapers printed and published in said village."

There was in the ordinance no provision as to the time when it should take effect, except the last clause of the ordinance as above quoted. There was no direction by the board of trustees as to the length of time the ordinance should be published, or as to when it should be published, and the board did not determine what should be a legal publication of the ordinance. It appears that there were three weekly newspapers in the village, and that the clerk of the board, within a day or two after the 24th of February, 1891, gave a copy of the ordinance to each of the newspapers and directed each of them to publish it three weeks. In one of the newspapers it was published for six successive weeks, commencing on the 26th of February and ending on the 2d of April, 1891. In another it was published for five successive weeks, commencing on the 26th of February, 1891, and ending on the 26th of March, 1891. In the other it was published for three successive weeks, commencing on the 14th of March, 1891, and ending on March 28, 1891.

We are of the opinion that the provision in the ordinance as to the time it should take effect did not comply with the requirement of the statute. No definite time was fixed.

It was also the duty of the board to fix the time, not less than two weeks, during which the ordinance should be published. This involved the exercise of the discretion of the board as to what would be reasonably necessary and appropriate under the circumstances of the case, and this discretion could not properly be delegated to the clerk.

For these reasons we are of the opinion that the ordinance never became operative, and, therefore, did not furnish a basis for the present action. It follows that the judgment must be reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.